By the Court.—Sedgwick, Ch. J.
The plaintiff attempted to prove that the intestate had fallen from the top of a retaining wall of the bed of New avenue. Shortly *385 before the accident the intestate was visiting his daughter in her house. That house was in One Hundred and First street, between Ninth and Tenth avenues. That street went easterly to the top of the wall, and the wall was between Ninth and Eighth, avenues. The daughter, as witness for plaintiff, testified that the intestate, as he left her house, said where he was going. She was then asked on the part of plaintiff, “What did he say?” The defendant objected to the question, and it was excluded. It had been proved that the intestate’s dwelling was in One Hundred and Thirty-ninth street. The particular place was not proved.
It seems to me that it was competent for the plaintiff' to prove that the deceased when he left the house intended to go along One Hundred and First street easterly in a direction which would bring him to the wall. His. mind being, by presumption, in a condition usual with the generality of men, his intention at the time was the-thing that would precede and induce his subsequent movements and their direction. And his declaration of his. intention was primary evidence of what that intention, was. “ Declarations made at the time of the transaction, and expressive of its character, motive or object, are-regarded as verbal acts indicating a present purpose and. intention, and are therefore admitted in proof like any facts. So upon an inquiry as to the state of mind, sentiments or disposition of a person, at any particular period,, his declarations and conversations are admissible. They are part of the res gestae.”
He had gone to his daughter’s house, from the house-of a son. On the trial, that son was asked what his father said, when he was leaving the house, as to where he was going. This question was properly excluded, because it was immaterial as to anything the father did thereafter, unless the declaration referred to his intended course from the daughter’s house. But, before he left the daughter’s house, too much time had passed and too many things had happened, to make his declaration *386 when leaving the son’s house, any evidence of what he did after leaving the daughter’s house.
The deceased had been found at the foot of the wall, by. a whin ess for plaintiff. The witness’ attention was attracted, probably, by the moaning of the wounded man. He found the latter on the ground, at the foot of the wall and in the center of One Hundred and First street, which continued easterly from the foot of the wall. The plaintiff’s counsel, asked the witness, “ What, if anything, immediately upon reaching the man, did he say to you ? ” Without further explanation of the character of the answer intended to be elicited by the question, tire testimony sought was hearsay. Ho event or act appears in testimony of which a declaration of the witness would be part. The probabilities are that the declaration, if disclosed by the answer, would show that it referred to a past event, and would be of the nature of testimony to the occurrence of that event, rather than explaining or giving character to it.
At the close of the testimony for plaintiff, the counsel for defendant moved to dismiss the complaint on three grounds : 1st. That there was no evidence of corporate negligence ; 2d. That there was no evidence that fading from the wall was the cause of death ; and, 3d. That there was no evidence that the plaintiff was free from contributory negligence.
The following is a sufficient statement of facts, which the plaintiff could justly claim that a jury might have found: A short time before the deceased was hurt, he was in One Hundred and First street, and he was found in the center of that street, at the foot of a wall twenty-five feet high, which abruptly changed the grade of the street. He moved from one point to the other, either by what the jury might say, was a direct, usual and more convenient way, or by one that they might find was indirect, unusual and the less convenient—the former, as they might find, calling for less exertion of mind and body. If he did take the direct way, then the jury could find, coupling infer *387 enees from the broken leg and other great hurts of the man, that'he fell over the wall. It is not proper to say that the jury would be forced to this result. It was a question for them. They might consider that if the intestate received his wounds otherwise than by falling from the wall, it must have been at a point easterly, and from an unusual combination of circumstances, and that it did not appear that such circumstances had happened with no presumption of law or fact that they did happen.
On the point of contributory negligence, the argument is that*as there is no proof of what occurred when the deceased reached the top of the wall and fell, if it be assumed that he fell, it cannot be said that he proved or gave testimony that the accident did not result in part from his own negligence. Of course, if there be no proof of attending circumstances, then the plaintiff fails. There may be proof, however, of these things without any direct testimony as to them. The case of Tolman v. Syracuse, &c. R. R. Co., 98 N. Y. 198, is a sufficient guide here.
Contributory negligence is omitting to act with ordinary prudence either upon that apprehension of danger which by law the injured person is bound under the case to have, or upon those appearances of danger which the situation manifests. If it be true that there is no reason to apprehend danger, or if the situation manifests no appearance of danger, there can be no neglect of a duty which is based upon these things.
In the present case it appears from the testimony of the witnesses that the street on which the intestate walked had the usual conditions of a street, and there was nothing about it which would induce apprehension of danger in a passenger, especially of danger from the ending of that part of the street at the top of a wall. Then the testimony showed that there was such an absence of light upon the place of the wall in .the street, or of anything that might be a warning, that the jury could have found *388 that there was no appearance of danger, and hence no negligence in omitting to do otherwise than walking along the street, in a manner usual to those who go upon an unlighted street. This appeal does not make it necessary to decide whether, when the accident is the result of such a defect in the street, it is or is not necessary for the plaintiff to show a freedom from contributory negligence. It is only necessary to hold that in the facts, there was a scope which would permit the jury to find that the plaintiff was not negligent.
I cannot doubt that there was a corporate duty to give at the place of such danger on a highway, a warning as to there being a danger, which would suffice to inform persons of ordinary prudence that they should not go farther.
The plaintiff’s exception are sustained, the costs of the hearing to abide the event of the new trial, which is ordered.
Van Vobst and Freedman, JJ., concurred.